UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 08-2665(DSD/JJG)

Confluence International,
Inc.,

       Plaintiff,

v.                                  **ORDER**

Eric Holder, Attorney General
of the United States,[1] United
States Department of Justice,
Department of Homeland Security,
District Director, Bureau of
Citizenship and Immigration
Service, Nebraska Service Center,
Administrative Appeals Office,

       Defendants.

    Marcus A. Jarvis, Esq. and Jarvis & Associates, PC, 13630 Oakwood Curve, Burnsville, MN 55337, counsel for plaintiff.

    Erik R. Quick, U.S. Department of Justice, P.O. Box 868, Ben Franklin Station, Washington, D.C. 20044; Robyn A. Millenacker, Assistant U.S. Attorney, 300 South Fourth Street, Minneapolis, MN 55415, counsel for defendants.

This matter is before the court on defendants'[2] motions for

---

[1] Eric Holder is substituted for his predecessor, Michael Mukasey, as Attorney General pursuant to Federal Rule of Civil Procedure 25(d).

[2] In addition to the Attorney General, the complaint's caption identifies the following defendants: "the United States Department of Justice; Department of Homeland Security; District Director, Bureau of Citizenship and Immigration Service, Nebraska Service Center[; and] Director, Administrative Appeals Office." The body of the complaint omits the Department of Justice but includes as a defendant the "Commissioner of the [Bureau of Citizenship and Immigration Service as] its Chief Executive Officer." (Compl.
(continued...)

judgment on the pleadings, or in the alternative for summary judgment, and to dismiss for failure to prosecute. Based upon a review of the file, record and proceedings herein, and for the reasons stated, the court grants defendants' motions.

**BACKGROUND**

Plaintiff Confluence International, Inc. ("Confluence") is a software development and consulting company. This immigration dispute arises out of the denial of Confluence's I-140 petition for preference visa classification of Sanjay Raj ("Raj") for his services as a "professional" software engineer under 8 U.S.C. § 1153(b)(3)(A)(ii).

Before filing the I-140 petition, Confluence requested the required certification from the United States Department of Labor that there were not sufficient software engineers in the United States and that Raj's employment would not affect the wages and working conditions of similarly employed workers in the United States ("labor certification"). (Admin. R. at 186.) See 8 C.F.R. § 204.5(l)(3). Confluence's application ("certification application") indicated that the job required a minimum of four years of college and a bachelor's degree in computer science, mathematics, engineering or science and listed a $76,482 annual

---

²(...continued)
¶ 14.) This order applies to all defendants intended to be covered by the complaint.

salary.  (Id.)  Confluence obtained the labor certification on October 21, 2003.  (Id. at 185.)

On July 13, 2005, Confluence filed the I-140 petition with the United States Department of Homeland Security's Bureau of Citizenship and Immigration Services ("USCIS").  On September 21, 2005, USCIS requested additional evidence of Raj's qualifications and Confluence's ability to pay the offered salary.  (Id. at 22-23.)  Confluence responded with evidence that Raj obtained a three-year bachelor of science degree in mathematics from the University of Delhi, India in 1991, a master of business administration from the University of Poona, India in 1993 and various certificates for computer software courses.  (Id. at 34-43.)  In addition, Confluence submitted its corporate tax returns from 2002 through 2004, which showed net incomes of $16,252, $8,890 and $131,293, respectively.  (Id. at 83, 95, 105.)  USCIS denied Confluence's petition on February 18, 2006, because Confluence had not established that Raj met "the minimum requirement of a four-year baccalaureate degree or its foreign equivalent in one of the specified areas."  (Id. at 127.)  Confluence timely appealed to USCIS's Administrative Appeals Office ("AAO").  (Id. at 117.)

On August 23, 2007, the AAO noted a discrepancy between the certification application's requirement of a four-year bachelor's degree and Confluence's argument before the AAO that the combination of Raj's three-year degree and his other education and

3

experience satisfied that requirement. As a result, the AAO requested evidence of Confluence's "intent concerning the actual minimum requirements of the position as that intent was explicitly and specifically expressed to the U.S. Department of Labor while that agency oversaw the labor market test and determination of the actual minimum requirements set forth on the [certification application]." (Id. at 148.) Confluence denied any discrepancy and submitted two reports from education consultants opining that Raj's mathematics degree was the equivalent of a four-year bachelor's degree in the United States. (Id. at 157, 167.)

After a de novo review, the AAO affirmed the denial of Confluence's petition in a written order on March 6, 2008. The AAO determined that Raj's three-year degree from the University of Delhi, India, was not the foreign equivalent of a United States baccalaureate degree. (Id. at 6, 13.) Moreover, even if Raj's degree was a foreign equivalent degree, the AAO concluded that the labor certification did not permit an equivalent to a four-year bachelor's degree. (Id. at 13.) Therefore, the AAO denied the I-140 petition because Raj did not qualify for preference visa classification under § 1153(b)(3) or meet the job requirements of the labor certification. (Id.) The AAO alternatively noted that Confluence's petition should have been denied because it had not "establish[ed] its ability to pay the [position's] proffered wage." (Id. at 16.)

4

Confluence filed the instant action on June 20, 2008, alleging that the denial of its I-140 petition was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," and violated its Fifth Amendment due process rights. (Compl. ¶¶ 1, 41, 45, 50.) The complaint seeks declaratory relief and an injunction vacating the March 6, 2008, order, reopening the immigration proceedings, adjudicating Confluence's I-140 petition and awarding additional relief. (Id. ¶¶ 52-54.)

Santosh Kalra Pawar ("Pawar"), an attorney who is not admitted to practice in this court, signed and filed Confluence's complaint. The magistrate judge addressed Pawar's status at the October 3, 2008, scheduling conference. The pretrial scheduling order issued on October 6, 2008, required Pawar to file the "necessary documents to be admitted *pro hac vice* in this court" on or before October 31, 2008. (Doc. No. 9.) Pawar did not comply. On November 12, 2008, the magistrate judge ordered Pawar to "show cause why the court should not entertain a sanction and/or dispositive motion by the defense," and warned that failure to comply with the order within twenty days may result in "a sanction and/or a dispositive motion, which may include dismissal of this action." (Doc. No. 10.) Pawar again did not comply.

On November 24, 2008, defendants moved for judgment on the pleadings or, alternatively, for summary judgment. Confluence did not respond. On December 10, 2008, defendants moved to dismiss for

5

Confluence's failure to prosecute the action. Confluence did not respond. At a January 9, 2009, hearing on defendants' motions, Confluence's president, Shankar Tyagi ("Tyagi"), attempted to appear on behalf of Confluence. The court informed Tyagi that a corporation cannot appear pro se and ordered him to retain an attorney and file a response to defendants' motions by January 23, 2009. The court also counseled that failure to comply with its order would result in dismissal. Confluence's new counsel filed a notice of appearance on January 20, 2009. On January 27, 2009, Confluence filed a memorandum in opposition to defendants' first motion. Defendants replied on February 2, 2009. Confluence responded to defendants' motion to dismiss on March 22, 2009, and defendants replied four days later. The court now addresses defendants' motions.

## DISCUSSION

### I.   Failure to Prosecute

A court may dismiss an action under Federal Rule of Civil Procedure 41(b) if a plaintiff "fails to prosecute or to comply with [the Federal Rules] or a court order." Fed. R. Civ. P. 41(b). Dismissing an action with prejudice under Rule 41(b) is "an extreme sanction [that] should be used only in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint." Smith v. Gold Dust Casino, 526 F.3d 402,

405 (8th Cir. 2008) (quotation omitted).  Bad faith is not required to warrant dismissal under Rule 41(b).  Doe v. Cassel, 403 F.3d 986, 990 (8th Cir. 2005) (citation omitted).  Rather, a plaintiff must only have "acted intentionally as opposed to accidentally or involuntarily."  Id.  A defendant's failure to abide by a court's order despite "a warning from the district court that [he] is skating on the thin ice of dismissal" evinces willfulness.  Rodgers v. Curators of Univ. of Mo., 135 F.3d 1216, 1221 (8th Cir. 1998) (citing First Gen. Res. Co. v. Elton Leather Corp., 958 F.2d 204, 206 (8th Cir. 1992)).  Moreover, a defendant is "generally bound by the actions (or inaction) of his attorney when his attorney acts in her representational capacity."  Id. at 1220.

In this case, Confluence had express notice beginning on October 3, 2008, that Pawar was not properly admitted to appear before this court.  Nevertheless, Pawar did not file the *pro hac vice* materials required by the scheduling order and Confluence did not retain local counsel.  Thereafter, Confluence and Pawar ignored the magistrate judge's order to show cause despite its warning that the action may be dismissed.  Moreover, in contravention of the Federal and Local Rules, Confluence failed to respond to defendants' motions until Tyagi attended the January 9 hearing. Finally, Confluence did not timely respond to defendants' motions despite the court's express admonition that failure to do so would result in dismissal of this action.  These repeated failures by

7

Confluence and its counsel establish that they intentionally failed to prosecute this action and follow the court's orders.  Therefore, the court grants defendants' motion, and dismisses this action with prejudice pursuant to Rule 41(b).

**II.  Judgment on the Pleadings**

Even if dismissal was not warranted under Rule 41(b), the court would grant defendants' motion for judgment on the pleadings.[3]  A court will grant a motion for judgment on the

---

[3] Defendants argue that the court lacks subject matter jurisdiction to review the denial of Confluence's I-140 petition. A court lacks jurisdiction "to review any other decision of the Attorney General or the Secretary of Homeland Security the authority for which is specified under [8 U.S.C. § 1151 et seq.] to be in the[ir] discretion, other than the granting of relief under [8 U.S.C. § 1158(a)]."  8 U.S.C. § 1252(a)(2)(B)(ii); Onyinkwa v. Ashcroft, 376 F.3d 797, 799 (8th Cir. 2004).  Section 1153(b)(3)(A)(ii) provides that preference employment visas "shall be made available, in a number not to exceed 28.6 percent of such worldwide level, plus any [employment-based visas with a higher preference, to] qualified immigrants who hold baccalaureate degrees and who are members of the professions."  8 U.S.C. § 1153(b)(3)(A)(ii).  The plain language of the statute requires the admission of a fixed percentage of qualified immigrants. Therefore, such admissions are not committed to agency discretion by statute, and § 1252(a)(2)(B)(ii) does not divest the court of jurisdiction over Confluence's claims.  Cf. Soltane v. U.S. Dep't of Justice, 381 F.3d 143, 146-48 (3d Cir. 2004) (no jurisdictional bar to court's consideration of a preference visa determination under § 1153(b)(4)); Sabhari v. Frazier, Civ. No. 06-196, 2007 U.S. Dist. LEXIS 6686, at *19-33 (D. Minn. Jan. 30, 2007) (court has jurisdiction over denial of I-130 petition to adjust immigration status based on familial relationship); see also Tamenut v. Mukasey, 521 F.3d 1000, 1003 (8th Cir. 2008) (presumption of judicial review over administrative actions).  For the same reason, the Administrative Procedures Act permits judicial review of the AAO's decision.  See 5 U.S.C. § 701(a) (judicial review generally available unless precluded by another statute or "agency action is committed to agency discretion by law").

8

pleadings pursuant to Federal Rule of Civil Procedure 12(c) "when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law."[4]  Ashley County v. Pfizer, 552 F.3d 659, 665 (8th Cir. 2009) (quotation omitted).  A court will reverse the denial of a petition for preferential immigration classification if "the decision was 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'"  Gipson v. INS, 284 F.3d 913, 916 (8th Cir. 2002) (quoting 5 U.S.C. § 706(2)(A)).[5]  An agency acts arbitrarily and capriciously only if it provides no "rational explanation for its decision."  Henry v. U.S. Dep't of Navy, 77 F.3d 271, 272 (8th Cir. 1996).

An alien's employer may file an I-140 petition to obtain preference visa status for the alien pursuant to 8 U.S.C.

---

[4] The court has considered the administrative record, but does not convert defendants' motion to a motion for summary judgment because that record contains "public records, materials that do not contradict the complaint, [and] materials that are necessarily embraced by the pleadings." Noble Sys. Corp. v. Alorica Cent., LLC, 543 F.3d 978, 982 (8th Cir. 2008) (citation and quotation omitted).

[5] Section 706 also requires a court to set aside agency action that is "contrary to constitutional right, power, privilege, or immunity."  5 U.S.C. § 706(2)(B).  Confluence, however, has waived its due process claim by not pursuing the claim in its opposition memorandum.  See Graham v. Rosemount, Inc., 40 F. Supp. 2d 1093, 1101 (D. Minn. 1999) (failure to respond to defendants' arguments resulted in waiver of claims)  Moreover, the claim fails on the merits because Confluence has not shown "fundamental unfairness or procedural irregularities [that] prejudiced [its] case." Dukuly v. Mukasey, 551 F.3d 756, 758 (8th Cir. 2008) (citing Salkeld v. Gonzales, 420 F.3d 804, 810 (8th Cir. 2005)).

§ 1153(b).  See 8 C.F.R. § 204.5(a); see also Masih v. Mukasey, 536 F.3d 370, 373-74 (5th Cir. 2008) (describing three-step process for obtaining legal status based on employment).  Professionals qualify for third preference employment visas.  8 U.S.C. § 1153(b)(3). "Professionals" are "qualified immigrants who hold baccalaureate degrees and who are members of the professions."  Id. § 1153(b)(3)(A)(ii).  A "baccalaureate degree" includes "a United States baccalaureate degree or a foreign equivalent degree."  8 C.F.R. § 204.5(l)(2).

    The AAO interpreted "foreign equivalent degree" to require a single foreign degree rather than a combination of multiple lesser degrees.  (Admin. R. at 4, 6.)  The court defers to this interpretation because it is not contrary to the unambiguous meaning of the statute or regulation.  See Ballanger v. Johanns, 495 F.3d 866, 872 (8th Cir. 2007) (court defers to agency's interpretation of statute it is charged with implementing and its regulations); see also 8 U.S.C. § 1103(a)(1) (Secretary of Homeland Security charged with administering and enforcing immigration laws).  Accordingly, the court's inquiry is whether the AAO's decision that Raj's mathematics degree was not a "foreign equivalent degree" was arbitrary and capricious.

    The AAO acknowledged the two reports submitted by Confluence indicating that Raj's mathematics degree was the foreign equivalent of a four-year bachelor's degree in the United States.  (Admin. R.

9-10.) The AAO, however, rejected the reports' analogous treatment of "contact hours" in the Indian education system and "credit hours" in the United States' system. (<u>Id.</u> at 11-12.) Instead, the AAO relied on information provided by the American Association of Collegiate Registrar and Admissions Officers, which indicated that a bachelor's degree "awarded in India represents the attainment of a level of education comparable to two or three years of university study in the United States." (<u>Id.</u> at 10-11.) Based on that information, the AAO concluded that Raj's mathematics degree was not a "foreign equivalent degree," and affirmed the denial of his I-140 petition. (<u>Id.</u> at 13.) Although this decision is subject to reasonable dispute, the AAO provided a rational explanation. Therefore, the denial of Confluence's I-140 petition because Raj did not have a "foreign equivalent degree" was not arbitrary and capricious, and the court need not consider the AAO's alternative bases for denial. Accordingly, judgment on the pleadings in favor of defendants is warranted.

## CONCLUSION

Based on the above, **IT IS HEREBY ORDERED** that:

1. Defendants' motion for judgment on the pleadings, or alternatively for summary judgment, [Doc. No. 11] is granted; and

2.   Defendants' motion to dismiss for lack of prosecution [Doc. No. 16] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated:  March 27, 2009

                                          <u>s/David S. Doty</u>
                                          David S. Doty, Judge
                                          United States District Court